No. 42272.—Protest 950571–G of M. Broverman & Son (New York).

Opinion by CLINE, J. It appeared that the merchandise in question consisted of Russian bristles in small packages covered with paper bearing the legend "Origin Siberia, U. S. S. R.," the bristles themselves not being capable of being marked. Following Abstract 40290 the court held that the paper packages were the immediate containers of the bristles and that the marking was sufficient. The protest was therefore sustained. Kraft v. United States (22 C. C. P. A. 111, T. D. 47103) cited.

No. 42273.—Protest 962771–G of F. W. Mead & Co. (New York).

Opinion by CLINE, J. It appeared that the papain was entered and returned under the free list. It was packed in second-hand tins which were not marked, the tins being wrapped in paper with paper labels attached containing the words, "Made in Siam." The record did not show whether the papain is capable of being marked. It was found that the tins were the immediate containers and that they were not marked to indicate the country of origin. The protest was overruled. Givaudan v. United States (22 C. C. P. A. 115, T. D. 47104) cited.

No. 42274.—Petition 5797–R of Bernard Abrams Co. (New York).

Opinion by CLINE, J. It appeared that the merchandise consisted of leather imported from France and that the clerk who made out the entry failed to add a tax of 8 percent. Being of the opinion that there was no intention to defraud the revenue, or to conceal or misrepresent the facts, or to deceive the appraiser, the court granted the petition.

No. 42275.—Petition 5333–R of E. M. Bisalski (New Orleans).

Opinion by CLINE, J. It was conceded at the trial that there was no intent on the part of the petitioner to defraud the revenue, but the petition was dismissed as it was not filed within the prescribed time. United States v. Bright (19 C. C. P. A. 295, T. D. 45468) and Abstract 48854 (47 Treas. Dec. 960), cited.

No. 42276.—Petition 5795–R of Capins Department Stores, Inc. (Nogales).

Opinion by CLINE, J. The petition was filed more than 60 days after liquidation. It was therefore dismissed. United States v. Bright (19 C. C. P. A. 295, T. D. 45468) and Abstract 48854 (47 Treas. Dec. 960) cited.